Per Curiam.

Judgment so far as appealed from by the plaintiff should be affirmed. Judgment so far as appealed from by the defendant should be reversed, and motion to dismiss the complaint should be granted, without prejudice, on the authority of Shilman v. United States (164 F. 2d 649, certiorari denied, 333 U. S. 837); and of Aird v. Weyerhaeuser S. S. Co. (169 F. 2d 606); Gaynor v. Agwilines, Inc. (169 F. 2d 612); and Fink v. Shepard S. S. Co. (192 P. 2d 258 [Ore.]) on the last two of which certiorari to the Supreme Court was granted November 22, 1948 (335 U. S. 870).
Plaintiff had no right to recover wages, maintenance and cure, and reimbursement for lost personal effects, from the defendant, an agent of the United States who did not operate the vessel when the injury occurred, did not cause the injury, and owed no duty to prevent it. Moreover, for causes of action such as are here involved, arising after the Clarification Act (U. S. Code, tit. 50, Appendix, § 1291; 57 U. S. Stat. 45), plaintiff’s exclusive remedy is by suit under the Federal Suits in Admiralty Act (U. S. Code, tit. 46, § 741 et seq.).
Peck, P. J., Glennon, Cohn, Van Vookhis and Shientag, JJ., concur.
Judgment so far as appealed from by defendant-respondent-appellant unanimously reversed, with costs to the defendant-respondent-appellant and motion to dismiss the complaint granted, and the judgment so far as appealed from by the plaintiff-appellant-respondent affirmed. [See post, p. 998.]